UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KEVIN ROBERTSON,                              Case No. 3:12-cv-00669-HA

        Plaintiff,

                                   OPINION AND ORDER

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, District Judge:

        Plaintiff Kevin Robertson seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying his applications for Supplemental Security Income

(SSI) and Disability Insurance Benefits (DIB).  This court has jurisdiction to review the

Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision must be reversed and remanded for further proceedings.


OPINION AND ORDER - 1

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant: (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof on the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

///

///

OPINION AND ORDER - 3

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was born on January 7, 1959. He graduated from high school and has prior work experience as a water worker for a municipality. Plaintiff has acquired sufficient quarters of coverage to remain insured through December 31, 2010.

Plaintiff applied for SSI on January 28, 2010 and for DIB on February 9, 2010. In both applications, he alleged a disability onset date of June 15, 2005. His applications were denied initially and upon reconsideration. At plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on November 29, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, as well as an independent vocational expert (VE).

On December 19, 2011, the ALJ issued a decision finding that plaintiff was not disabled under the Act. At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date. Tr. 15, Finding 2.[1] At step two, the ALJ found that plaintiff suffered from the following medically determinable severe impairments: cervical degenerative disc disease; thoracic degenerative disc disease; peripheral neuropathy; depression; and anxiety. Tr. 15, Finding 3. The ALJ found that plaintiff's present lung condition was a non-severe impairment because it did not meet the durational requirement. Tr. 15. After considering plaintiff's severe and non-severe impairments, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15 Finding 4.

---

[1] "Tr." refers to the Transcript of the Administrative Record.

The ALJ then determined that plaintiff had the RFC to perform less than a full range of light work. Tr. 17, Finding 5. The ALJ found that plaintiff can left twenty pounds occasionally, and ten pounds frequently. *Id.* He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; he can occasionally stoop, kneel, crouch, and crawl; he can frequently balance; he can occasionally reach overhead bilaterally; he should avoid even moderate exposure to hazards; he can understand, remember, and carry out simple instructions; and he should have only occasional contact with the public. *Id.*

Based on plaintiff's RFC and testimony from the VE, the ALJ found that plaintiff was incapable of performing his past relevant work. Tr. 20, Finding 6. However, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy, such as small product assembly and light janitorial work. Tr. 21, Finding 10. Therefore, the ALJ concluded that plaintiff was not disabled. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff asserts that the ALJ erred at steps four and five of the sequential analysis by rejecting medical opinion evidence, improperly discrediting plaintiff's testimony, and ignoring relevant lay witness testimony. Plaintiff contends that these errors resulted in an incomplete RFC and deficient questioning of the VE.

### 1.    Medical opinion evidence

Plaintiff asserts that the ALJ improperly rejected medical opinion evidence in this case. Where a treating or examining physician's opinion is not contradicted by another doctor's

OPINION AND ORDER - 5

opinion, the ALJ may reject it only by stating clear and convincing reasons supported by

substantial evidence in the record. *Regennitter v. Comm'r. of Soc. Sec. Admin.*, 166 F.3d 1294,

1298-99 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating

physician's opinion is contradicted by another doctor, it can be rejected for specific and legitimate

reasons supported by substantial evidence in the record. *Id.* In general, less weight should be

given to the opinion of a non-examining source than to an examining or treating source. *Hill v.*

*Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (citation omitted). Therefore, the opinion of a non-

examining physician cannot by itself constitute substantial evidence that justifies an ALJ's

rejection of a treating or examining physician's opinion. *Lester*, 81 F.3d at 831.

### A.    Treating physician

Plaintiff contends that the ALJ failed to discuss any evidence from Paul J. Haddeland,

M.D., who had been plaintiff's treating physician from 2000 through 2011. Defendant responds

that because the ALJ cited to Dr. Haddeland's treatment notes, no error exists. This court agrees

that the ALJ has appropriately considered Dr. Haddeland's observations and treatment records.

*See* Tr. 16, 18. Moreover, the records do not contain any opinions or evaluations regarding

plaintiff's ability to work, or his physical limitations and mental limitations that would affect his

ability to work. At most, the records support the diagnoses of depression, anxiety, and neck pain

that the ALJ incorporated into his findings.

### B.    Examining physicians

Plaintiff also asserts that the ALJ failed to give proper weight to the opinions of two

examining physicians, Raymond Nolan, M.D., Ph.D., P.C., and Nick Dietlein, Psy.D. In June of

2010, Dr. Nolan conducted a physical examination of plaintiff. Tr. 277. The examination

revealed mild to moderate stenosis in plaintiff's cervical spine, some posterior pain in his hips, a wide gait, and that plaintiff had difficultly with a tandem gait. Tr. 277-78. Doctor Nolan opined that plaintiff had chronic neck pain, chronic low back pain, possible carpal tunnel syndrome, peripheral neuropathy, and a wide based gait with a history of alcoholism that suggests some cerebellar dysfunction. Tr. 278. He recommended that plaintiff minimize his bending, twisting, turning, activities involving head and neck movement, pushing and pulling with upper extremities, and the overhead use of his upper extremities. *Id.* He opined that plaintiff could sit for six hours with the opportunity to change positions for comfort, and stand or walk for two to four hours. *Id.*

Plaintiff was also examined by Dr. Dietlein, a licensed clinical psychologist, in March of 2010. Tr. 272-75. Doctor Dietlein diagnosed plaintiff with generalized anxiety disorder, major depressive disorder, alcohol abuse in partial sustained remission (per plaintiff's report), and a Global Assessment of Functioning (GAF) score of 45. Tr. 275. Doctor Dietlein opined that plaintiff is able to understand and remember instructions, able to sustain his concentration and attention, and able to persist. *Id.*

The ALJ adopted some aspects of the examining physicians' opinions, but plaintiff contends that the ALJ improperly rejected Dr. Nolan's walking limitation and Dr. Dietlein's GAF score. Because these physicians' opinions were contradicted by the opinions of the state agency physicians, the ALJ could reject the examining physicians opinions by stating specific and legitimate reasons. *See Regennitter*, 166 F.3d at 1298-99. In giving only partial weight to the examining physicians' opinions, the ALJ concluded that their findings were inconsistent with the

objective medical record and plaintiff's reported activities. This court disagrees with respect to the walking limitation, but agrees with the ALJ's finding as to the GAF score.

Doctor Nolan's walking restrictions are consistent with his objective findings, plaintiff's testimony, and third party observations. Plaintiff's statements that he was able to complete household chores and daily activities "in spurts" or with frequent breaks are consistent with Dr. Nolan's assessment. *See* Tr. 33-34, 278. Although the non-examining agency physician opined that plaintiff could stand or walk for six hours, this opinion alone is insufficient to reject the examining physician's opinion. *Lester*, 81 F.3d at 831. Accordingly, the ALJ's rejection of Dr. Nolan's standing and walking limitation is not supported by substantial evidence.

The ALJ, however, appropriately discussed Dr. Dietlein's GAF score and accompanying findings. The ALJ acknowledged that plaintiff's GAF score indicated serious symptoms, but also noted that Dr. Deitlein observed normal cognitive functioning, normal memory, and opined that plaintiff was able to understand, concentrate, and persist. Tr. 19, 275. The ALJ properly incorporated all of those findings into plaintiff's RFC. Accordingly, the ALJ did not need to provide specific and legitimate reasons for rejecting Dr. Dietlein's GAF score because the ALJ incorporated all of his opinions about plaintiff's limitations into the RFC. *Turner v. Comm'r*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

### 3.    Plaintiff's hand limitations

Plaintiff contends that the ALJ improperly excluded any limitations related to plaintiff's hands in the RFC. Although defendant's response addresses issues of plaintiff's credibility in general, plaintiff only challenged the ALJ's failure to include functional limitations in plaintiff's hands that arose from his peripheral neuropathy. *See* Pl.'s Br. at 14-15. Upon review of the

OPINION AND ORDER - 8

record, substantial evidence supports the ALJ's decision to exclude hand limitations. Dr. Nolan's examination revealed normal wrist, arm, hand, and finger movement, and plaintiff points to no other evidence indicating that he has hand limitations. Tr. 277-78; *see also* Tr. 213 (step-mother reports no hand limitations). To the extent that plaintiff relies on his own testimony about his hand issues, the ALJ gave clear and convincing reasons for rejecting those limitations. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (noting that an ALJ may reject a claimant's subjective complaints based on the claimant's daily activities and the observations of physicians or other third parties regarding the claimant's symptoms).

### 4.    Lay testimony

Lastly, plaintiff asserts that the ALJ failed to properly evaluate the lay witness statement from plaintiff's step-mother, Stacy Robertson. In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work, limitations, or symptoms. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citations omitted). Such testimony cannot be disregarded unless the ALJ provides specific reasons germane to each lay witness. *Id.* at 1115.

Here, the ALJ gave "some weight" to Ms. Robertson's statement. Tr. 20. The ALJ explained that Ms. Robertson reported that plaintiff has difficulties with physical activities and completing tasks, but also reported that plaintiff can walk one to two hundred yards before needing a break, and can complete most household chores with breaks. *Id.* The ALJ concluded that the limitations that Ms. Robertson identified were not greater than those adopted by the ALJ. *Id.* This court disagrees. Plaintiff's RFC does not incorporate plaintiff's need for frequent breaks to perform the activities of daily living described by Ms. Robertson, which are consistent with

OPINION AND ORDER - 9

the standing and walking limitations outlined by Dr. Nolan. Tr. 209-13 (noting that plaintiff takes long periods to complete personal care, cannot stand long enough to complete full meals, needs frequent rests to complete chores).

### 5.    Remedy

To meet its burden at step five of the sequential analysis, the Commissioner may rely on the testimony of a VE. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (citation omitted). To constitute substantial evidence, the ALJ must pose a hypothetical question to a VE that includes all of the claimant's functional limitations that are supported by the record. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002). If the hypothetical fails to take into account all of the claimant's limitations, it is defective and cannot provide substantial evidence for the ALJ's ultimate disability determination. *Valentine*, 574 F.3d at 690. Because the ALJ did not incorporate the standing or walking limitations offered by Dr. Nolan into plaintiff's RFC or the hypothetical question posed to the VE, the VE's testimony does not constitute substantial evidence to support the ALJ's findings. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (noting that the hypothetical question should include all of a claimant's exertional capabilities that are supported by the medical evidence). Accordingly, a remand for further proceedings is warranted.

When an ALJ's denial of benefits is not supported by the record, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal quotation marks omitted). A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v.*

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

In this case, the ALJ improperly rejected medical opinion evidence as to plaintiff's standing and walking limitations, and the VE was never given the opportunity to address plaintiff's ability to perform any work with consideration for these limitations. This court therefore concludes that outstanding issues remain that must be resolved before a determination of disability can be made. *See Harman*, 211 F.3d at 1180 ("In cases where the testimony of the [VE] has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."). Upon remand, the ALJ shall address the limitations outlined in Dr. Nolan's opinion and Ms. Robertson's lay witness statement, and may reconsider the weight given to plaintiff's testimony in light of that evidence.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Kevin Robertson's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this __18__ day of April, 2013.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER - 11